# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELVIN ELLIS HOLLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case Nos. CIV-08-404-F |
| ) | CR-04-114-F |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the court is the Amended Motion to Disqualify, filed January 20, 2009 (doc. no. 12), by petitioner Melvin Ellis Holly. In his amended motion, petitioner seeks, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, to disqualify the undersigned from adjudicating his Motion to Vacate, Set Aside or Correct Sentence by a Person under Federal Custody filed pursuant to 28 U.S.C. § 2255. Respondent, United States of America, has responded to the motion, and upon due consideration of the parties' submissions, including petitioner' Supplementation to Amended Motion to Disqualify, filed August 21, 2009 (doc. no. 32), the court makes its determination.[1]

Petitioner has previously filed a motion seeking to disqualify the undersigned from adjudicating his § 2255 motion. The court denied petitioner's motion in an order dated January 7, 2009 (doc. no. 11). In the order, the court found that petitioner had not personally submitted an affidavit as required by § 144. Rather, he had presented an affidavit made by Lester Jon Ruston. The court concluded that Mr. Ruston's

---

[1] On September 8, 2009, petitioner filed a Motion to Expedite Motion to Disqualify Judge Friot (doc. no. 33). In light of the court's ruling on the amended motion to disqualify, the court denies petitioner's motion to expedite as moot.

affidavit was not proper for purposes of § 144. The court also found that Mr. Ruston's affidavit was clearly insufficient as it merely stated conclusions, beliefs and opinions rather than facts and reasons for the belief that personal bias and prejudice exists. The court additionally found that disqualification was not warranted under 28 U.S.C. § 455 because petitioner had not provided a proper showing of personal bias or prejudice and had failed to allege any particular conduct that would lead a reasonable person to question the undersigned's neutrality.

In support of his amended motion, petitioner has now submitted an affidavit of his own to state facts and reasons for the belief that the undersigned has personal bias or prejudice against him. He has also submitted three supplemental affidavits in support of his amended motion (doc. nos. 14, 30 and 33).

Initially, the court declines to consider the supplemental affidavits. Section 144 only permits the filing of one affidavit by a party in a case. *See*, 28 U.S.C. § 144, Travelers, Ins. v. St. Jude Medical Office Bldg., 843 F. Supp. 138, 145 (E.D. La. 1994). Moreover, petitioner did not seek leave of court to submit the supplemental affidavits.

In reviewing the affidavit attached to the amended motion, the court again finds that disqualification is not warranted under § 144. Section 144 requires the filing of an affidavit which states the facts and the reasons for the belief that personal bias and prejudice exists. The court concludes that petitioner's affidavit is insufficient. The affidavit initially complains of adverse rulings by the court. "Adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992). In addition, the affidavit states conclusions, rumors, and innuendo which is not proper under § 144. Glass v. Pfeffer, 849 F.2d 1261, 1267-1268 (10th Cir. 1988). Furthermore, the affidavit fails to state facts and reasons which "give fair support to the charge of a bent of mind that may

prevent or impede impartiality of judgment." Bell v. Chandler, 569 F.2d 556, 559 (10th Cir. 1978) (quotation omitted). The court therefore concludes that petitioner's affidavit is inadequate to establish personal bias and prejudice warranting disqualification under § 144.[2]

The court also finds that disqualification is not warranted under 28 U.S.C. § 455. The court again finds that petitioner has not provided any proper showing of personal bias or prejudice. Petitioner is complaining of the undersigned's rulings against him. However, as previously stated, adverse rulings cannot in themselves form the appropriate grounds for disqualification. Green, 969 F.2d at 919; *see also*, Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). In addition, petitioner maintains that he was assaulted and brutally beaten in Florence, Colorado and that his mail has been repeatedly stolen and impeded as a direct result "of the actions" of the undersigned. Petitioner, however, fails to set forth particular facts which show that the undersigned was involved in the alleged assault or with the alleged theft of the mail. Petitioner also asserts that the undersigned engaged in "collusion" with the government to tamper with witness and engage in subornation of perjury but fails to provide specific facts to support this assertion. The court concludes that a reasonable *factual* basis does not exist for calling the impartiality of the undersigned into question. U.S. v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Furthermore, as stated by the Tenth Circuit, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion and similar non-factual matters" will not satisfy the requirements for disqualification under § 455. *Id*. In sum, the court cannot conclude, based upon

---

[2] In paragraph 6 of his affidavit, petitioner seeks to incorporate another affidavit made on December 18, 2008, which the court presumes to be the affidavit filed with Petitioner's Response to Respondent's Response and Request to Strike Pursuant to Rule 12(F), filed December 23, 2008 (doc. nos. 8 and 9). The court has reviewed this affidavit and finds that it likewise is insufficient and fails to establish personal bias or prejudice of the undersigned.

petitioner's filings, that personal bias or prejudice has been shown or that "a reasonable person, knowing all the relevant facts, would harbor doubts about [this] judge's impartiality." Glass, 849 F.2d at 1268.

Accordingly, Petitioner's Amended Motion to Disqualify, filed January 20, 2009 (doc. no. 12), is **DENIED**. Petitioner's Motion to Expedite Motion to Disqualify Judge Friot, filed September 8, 2009 (doc. no. 33), is **DENIED** as **MOOT**.

DATED September 17, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p011.wpd