# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELVIN ELLIS HOLLY, ) <br> ) <br> Petitioner, ) <br> ) <br> -vs- ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case Nos. CIV-08-404-F <br> CR-04-114-F |

## **ORDER**

Petitioner, Melvin Holly, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims that he received ineffective assistance of counsel, in violation of the Sixth Amendment to the Constitution, at trial, on appeal and on writ of certiorari. In his motion, petitioner requests trial transcripts and an evidentiary hearing in regard to his claims. Respondent, United States of America, has responded to the motion and in support of the motion has attached, *inter alia*, the affidavit of petitioner's trial and appellate counsel, Warren Gotcher. Petitioner has filed a reply to the response and has also filed a motion to strike the affidavit as well as respondent's response, pursuant to Rule 12(f), Fed. R. Civ. P.

As discussed below, the court finds that petitioner's motion to strike under Rule 12(f) should be denied. The court additionally finds that petitioner's § 2255 motion should be denied. Finally, the court concludes that petitioner's requests for trial transcripts and an evidentiary hearing should be denied.

Background

Petitioner is the former Sheriff of Latimer County, State of Oklahoma. On June 16, 2005, petitioner was indicted in a fifteen-count superseding indictment that charged eight counts of misdemeanor deprivation of rights under color of law in violation of 18 U.S.C. § 242 (Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen and Fifteen); five counts of felony deprivation of rights under color of law involving aggravated sexual abuse in violation of 18 U.S.C. § 242 (Counts Two, Four, Five, Six, and Seven); one count of making a false statement in violation of 18 U.S.C. § 1001 (Count One); and one count of tampering with a witness in violation of 18 U.S.C. § 1512(a)(2)(C) (Count Three). The indictment arose out of a series of sexual assaults perpetrated by petitioner, while Sheriff, against inmates and employees of the Latimer County Jail, as well as the daughter of an employee of the jail. Petitioner was convicted on all counts except one count (Count Fourteen) of misdemeanor deprivation of rights under color of law. On November 23, 3005, petitioner was sentenced to 60 months on Count One, 300 months on each of Counts Two, Four, Five, Six and Seven, 120 months on Count Three, and 12 months on each of Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fifteen, with all terms of imprisonment to be served concurrently. A judgment and commitment order was thereafter entered on December 1, 2005 and an amended judgment and commitment order was entered on January 31, 2006.

Petitioner filed an appeal with the Tenth Circuit Court of Appeals challenging the five counts of felony deprivation of rights under color of law involving aggravated sexual abuse in violation of 18 U.S.C. § 242 (Counts Two, Four, Five, Six and Seven). Petitioner argued that the court erroneously instructed the jury on the definition of aggravated sexual abuse. On June 12, 2007, the Tenth Circuit concluded that the court erroneously instructed the jury that the fear element was satisfied by fear of "some

2

bodily harm;" by so instructing, the court eliminated the heightened degree of fear required to support a conviction for aggravated sexual abuse. The Tenth Circuit also concluded that the instructional error in eliminating the heightened degree of fear required to support a conviction for aggravated sexual abuse was harmless as to Count Five but not harmless to Counts Two, Four, Six and Seven. The Tenth Circuit therefore affirmed the conviction as to Count Five and reversed and remanded the case to the court to vacate the conviction as Counts Two, Four, Six and Seven. *See*, United States v. Holly, 488 F.3d 1298 (10th Cir. 2007).

Petitioner filed a petition for writ of certiorari on December 14, 2007, which was subsequently denied on April 14, 2008. *See*, Holly v. United States, 128 S.Ct. 1870 (2008).

## Motion to Strike

Petitioner seeks to strike, pursuant to Rule 12(f), Fed. R. Civ. P., the affidavit of petitioner's counsel, attached to respondent's response to his § 2255 motion, as well as respondent's response itself. He asserts facial violations of 18 U.S.C. §§ 1621, 1622 and 1623. Petitioner additionally contends that his counsel's affidavit does not constitute expert testimony. Petitioner asserts that the testimony is not accepted in legal, scientific or medical communities, due to alleged fraud and conflicts of interest by counsel.

Upon review, the court declines to strike the affidavit or the response. The court finds that petitioner has failed to show that any of the testimony proffered by petitioner's counsel constitutes perjury. Petitioner has presented no facts or evidence to demonstrate that petitioner's counsel subscribed to any material matter which he did not believe to be true. The court also finds that petitioner has failed to show any perjurious statement by respondent in its response. In addition, the court finds that petitioner has also not presented any facts to show that respondent procured

3

petitioner's counsel to commit perjury. Although petitioner may disagree with his counsel's affidavit and the arguments made by respondent, he has not specifically demonstrated that the testimony or arguments are false. The court further declines petitioner's request that his counsel be investigated for committing perjury. The court concludes that petitioner has failed to proffer facts which would show any violations of § 1621, § 1622 or § 1623.

Next, the court finds that the affidavit of petitioner's counsel is not offered by respondent as expert testimony. As a result, the court concludes that the affidavit need not satisfy Rule 702 in order to be utilized by respondent in responding to petitioner's § 2255 motion. The court additionally finds, as discussed below, that petitioner has failed to show conflicts of interest on the part of petitioner's counsel detrimental to petitioner. The court also finds that petitioner has failed to show fraud on the part of counsel. Finally, the court finds that neither the affidavit nor the response are candidates for relief under Rule 12(f) because neither of the alleged offending filings are pleadings and Rule 12(f) provides for a motion to strike a "pleading." E.E.O.C. v. Admiral Maintenance Service, L.P., 174 F.R.D. 643, 645-647 (N.D. Ill. 1997); Hrubec v. National R.R. Passenger Corp., 829 F. Supp. 1502, 1506 (N.D. Ill. 1993). The court therefore concludes that petitioner's motion to strike pursuant to Rule 12(f) should be denied.

## Motion to Vacate, Set Aside or Correct Sentence

Petitioner seeks to vacate his conviction and sentence on the basis that he received ineffective assistance of counsel at trial, on appeal and on the writ of certiorari. Claims of ineffective assistance of counsel are evaluated under the two-part test of Strickland v. Washington, 466 U.S. 688 (1984). Under Strickland, petitioner must establish "that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and he must show

that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance." Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008), *pet. for certiorari filed* (Apr 27, 2009); *see*, Strickland, 466 U.S. at 688, 694. The first part of the test requires petitioner to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

"An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (quotation omitted). Therefore, failure to establish either prong of the Strickland test will result in the denial of § 2255 relief. *Id*.

## Affidavits of Melvin Ellis Holly

After the completion of briefing in this case, petitioner submitted numerous affidavits purportedly in support of his § 2255 motion. In none of the affidavits does petitioner request leave to amend his § 2255 motion to include the additional factual allegations or the new claims. Under Rule 7(b), Fed. R. Civ. P., a request for a court order must be made by motion and the motion must be in writing and state with particularity the grounds for seeking the order. Petitioner has not filed any such motion. The court declines to grant petitioner leave to amend the motion to include the affidavits in light of the failure to file any motion to amend. In addition, the court notes that several of the affidavits do not comply with the requirements of 28 U.S.C. § 1746 and several of the affidavits were not served upon counsel for respondent.

Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts also permits the court to expand the record to include affidavits. Expansion of the record is not mandatory and is left to the sound discretion of the district court. Ford v. Seabold, 841 F.2d 677, 691 (6th Cir.), *cert. denied*, 488 U.S. 928

5

(1988). The court declines to expand the record to include the additional affidavits. Petitioner has not sought leave to expand the record with the affidavits. The affidavits contain some new claims and would require leave to amend in order to be considered and no motion for leave to amend has been filed. As previously stated, not all the affidavits comply with 28 U.S.C. § 1746 and not all have been served upon the government. The court therefore declines to consider petitioner's additional affidavits.

## Trial Performance

In his motion, petitioner asserts that his counsel was ineffective at trial because he "concealed" all evidence of "entrapment" and failed to request a jury instruction on the issue of entrapment. Upon review of the record, the court finds that petitioner has failed to show that counsel's performance fell below the objective standard of reasonableness. To obtain an entrapment instruction, petitioner must establish two elements: "first, government agents must have induced [petitioner] to commit the offense; and second, [petitioner] must not have been otherwise predisposed to commit the offense, given the opportunity." United States v. Young, 954 F.2d 614, 616 (10th Cir. 1992) (quotation omitted). Petitioner has not presented any evidence or facts to show that he was induced by government officials to commit the crime of felony deprivation of rights under color of law involving aggravated sexual abuse (Count Five) or the crimes of misdemeanor deprivation of rights under color of law and witness tampering (Counts Three, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fifteen). Only a government official or agent can entrap a defendant. United States v. Thickstun, 110 F.3d 1394, 1398 (9th Cir.), *cert. denied*, 522 U.S. 917 (1997). Where there is no government involvement, there can be no entrapment. *See*, United States v. Martinez, 979 F.2d 1424, 1432 (10th Cir. 1992) (requiring "some showing of conduct by government agents which has induced the accused to commit the charged

6

offense."), *cert. denied*, 507 U.S. 1022 (1993); Holloway v. United States, 432 F.2d 775, 776 (10th Cir. 1970) (same). Petitioner has not shown that the victims of the referenced crimes were agents of the government or were knowingly acting at the direction of the government at the time the crimes were committed. The evidence at trial left no room at all for any such contention. There is, likewise, no evidence that the victims induced petitioner to engage in the crimes. Inducement is "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." United States v. Scull, 321 F.3d 1270, 1275 (10th Cir. 2003) (quotation omitted), *cert. denied*, 540 U.S. 864 (2003). For purposes of an entrapment defense, inducement can occur through "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." United States v. Yarbrough, 527 F.3d 1092, 1100 (10th Cir. 2008). Here, the record provides no basis for any suggestion of inducement. Finally, the court also notes that the Tenth Circuit does not recognize vicarious or derivative entrapment. Martinez, 979 F.2d at 1432.[1]

The remaining crime for which plaintiff was convicted was making a false statement in violation of 18 U.S.C. § 1001 (Count One). The court finds that

---

[1] In his papers, petitioner refers to alleged civil conspiracy by "Robby Culberson Hughes, Bob Cecil, Sr., Wayne Brinkley and Charlie Laurence" and that an entrapment instruction was required based upon the conspiracy. None of the alleged conspirators were victims to the crimes for which petitioner was convicted. Petitioner has not presented any facts that any of the victims were acting at the direction of the alleged conspirators at the time of the offenses. And as stated, the Tenth Circuit does not recognize vicarious or derivative entrapment. Martinez, 979 F.2d at 1432. Furthermore, the allegations of conspiracy are conclusory and conclusory allegations without supporting factual averments are insufficient to state a claim. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even if the court were to consider petitioner's affidavits filed after the briefing in this case, the court concludes that the affidavits fail to support an entrapment defense or instruction. The alleged conspiracy appears to be a conspiracy to obtain false testimony from victims and not a conspiracy to induce petitioner to commit the crimes. Therefore, the court concludes that petitioner was not deficient in failing to request an entrapment instruction or to proffer an entrapment defense based upon this alleged civil conspiracy.

petitioner has not presented any facts or evidence to show that any governmental agent induced petitioner to make a false statement. "Evidence that a government agent solicited, requested or approached [petitioner] to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated contact with [petitioner] or proposed the crime." United States v. Ortiz, 804 F.2d 1161, 1165 (10th Cir. 1986).

Because the record is devoid of facts or evidence of inducement by a government agent to commit the offense of making a false statement in violation of § 1001 or any of the other offenses for which petitioner was convicted, the court finds that petitioner was not entitled to presentation of an entrapment defense or a jury instruction on entrapment. The court concludes that petitioner's counsel performance was not below the objective standard for reasonableness for having "concealed" evidence of entrapment or in failing to request an entrapment jury instruction.[2]

Petitioner also contends that his counsel was ineffective at trial because he failed to obtain security tapes from the jail which had "evidentiary" value and which should have been produced by the government under Brady v. Maryland, 373 U.S. 83 (1963). To establish a Brady violation, petitioner must demonstrate "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." Scott v. Mullin, 303 F.3d 1222, 1230 (10th Cir. 2002) (internal quotation omitted). Petitioner fails to articulate in his papers how the security tapes were favorable to his defense. "A mere conclusory allegation does not establish a *Brady* violation and is insufficient to support an ineffective

---

[2] Petitioner also claims in his response to respondent's response that he was entitled to an entrapment instruction because the "F.B.I. clearly conspired to commit 'witness tampering' with a gang of drug addicted liars and whores, who committed perjury." *See*, p. 4 of petitioner's response. The court, however, concludes that petitioner's allegations of witness tampering, even if true, would not warrant an entrapment instruction as it would not show that government agents induced petitioner to commit the crimes at issue.

8

assistance of counsel claim." United States v. Thompson, 66 Fed. Appx. 837, 839 (10th Cir. 2003), (unpublished opinion cited as persuasive under 10th Cir. 32.1(A)).

Petitioner further contends that his counsel was ineffective in that he concealed from the jury evidence which showed an inconsistency between the victims' testimony in civil depositions and their testimony in the criminal trial. However, petitioner has not offered any evidence that the civil depositions of the victims were taken prior to the trial in this case. The deposition of April D. Partain, attached to petitioner's response to respondent's response, was taken on May 26, 2006. The trial of this case concluded on August 16, 2005. The court therefore concludes that petitioner has failed to show that counsel's performance fell below the objective standard of reasonableness in failing to show an inconsistency between the victims' testimony in civil depositions and at the criminal trial. Although petitioner also complains that counsel failed to demonstrate the victims' criminal characters, including drug and alcohol abuse, the court concludes otherwise. Counsel did cross-examine the victims in regard to crimes and other misdeeds. He also questioned the victims in regard to the pending civil action and claims against Latimer County. The court concludes that the performance of petitioner's counsel was not constitutionally deficient at trial in regard to his questioning of the victims in this case.

Petitioner further claims that petitioner's counsel failed to properly contest the admissibility of the government's evidence prior to trial and failed to contest the perjured evidence presented by the government. The court concludes that petitioner's claims, however, are conclusory and are insufficient to support his claim. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his Response to Respondent's Response, doc. no. 8, petitioner states that the Tenth Circuit "ruled on public record" that petitioner's counsel left "Count V's testimony 'uncontested.'" *See*, p. 4 of petitioner's response. As previously stated,

9

petitioner appealed the conviction for felony deprivation of rights under color of law involving aggravated sexual abuse. Petitioner claimed that the court had erroneously instructed the jury on the definition of aggravated sexual abuse. The Tenth Circuit agreed with petitioner that this court erred in instructing the jury. The Court of Appeals concluded that this court erroneously instructed the jury that the fear element was satisfied by fear of "some bodily harm." The Court of Appeals concluded that by so instructing, this court eliminated the heightened degree of fear required to support a conviction for aggravated sexual abuse and essentially made offenses of sexual abuse and aggravated sexual abuse identical. The Court of Appeals, however, concluded that a harmless error review was applicable and that the instructional error was harmless as to Count V. The Court of Appeals stated that an instructional error may be harmless where the element on which the jury was not properly instructed was "uncontested and supported by overwhelming evidence, such that a jury verdict would have been the same absent the error." Holly, 488 F.3d at 1307 (quotation omitted). Upon review of Amber Helmert's testimony at trial in regard to Count V, the Court of Appeals found that it was "certain that the requisite element of fear of death, serious bodily injury, or kidnapping was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." *Id*. at 1309 (quotation omitted). According to the Tenth Circuit, as pointed out by petitioner,

> Helmert's testimony regarding both the explicit and implicit threat was entirely uncontested by Holly. On cross-examination of Helmert, Holly did not challenge whether these threats were actually made and did not inquire into the degree of fear Helmert felt at the time the sexual abuse occurred. In contrast to the cross-examination of other victims, Holly failed to question Helmert as to whether he made threats to kill or seriously injure her if she did not submit to his advances. Rather, the only cross-examination of Helmert regarding the incident was brief and focused exclusively on whether anyone else was present and could have

10

> heard her screams. Even if the jury convicted Holly on the basis of the legally erroneous fear instruction, it clearly rejected Holly's defense, implied in the cross-examination of Helmert and established clearly by his own testimony, that the incident did not occur. Thus, Holly's conviction on Count V is like the defendant's conviction in Neder [v. United States, 527 U.S. 1 (1999)], where the element that was not properly submitted to the jury was supported by overwhelming and uncontroverted evidence.

*Id*. at 1309, 1310.

Petitioner suggests that his counsel was ineffective in failing to contest Helmert's testimony. The Tenth Circuit has previously concluded that counsel's cross-examination method is a matter of trial strategy subject to the strong presumption that the counsel acted reasonably. Richie v. Mullin, 417 F.3d 1117, 1124 (10th Cir. 2005). The court concludes that nothing in the record rebuts this presumption. It is counsel's objective performance that must guide the court's inquiry. The court concludes that the cross-examination that was pursued objectively represents an entirely understandable tactical choice, responsive to the serious difficulties Ms. Helmert's testimony presented from a defense perspective. (It should be noted, also, that that choice was made by a veteran criminal defense lawyer who can safely be assumed to be well versed in assessing the advantages and disadvantages of aggressive cross examination of a victim-witness.) Petitioner has failed to suggest how the further cross-examination would have shown that the requisite fear element would have been contested or not supported by overwhelming evidence. Although the Tenth Circuit states that Helmert was not questioned as to whether petitioner made threats to kill or seriously injure her if she did not submit to his advances, the court notes that there was evidence in the record of not only an explicit and implicit threat as to Helmert but also as to Helmert's sister. The testimony at trial, as the Tenth Circuit concluded, was overwhelming that petitioner placed Helmert in fear that either she or her sister would

be subjected to death, serious bodily injury or kidnapping. The court also notes that the facts and circumstances involving petitioner's encounter with Helmert were very different than the other victims. As is evident from the discussion of her testimony by the Court of Appeals (and as the undersigned judge vividly recalls from the trial of this case), Amber Helmert's testimony was uniquely compelling. Experienced defense counsel could quite correctly have concluded that aggressive cross examination of Ms. Helmert, on the issue of the nature and quality of her fear, or on any other issue, would have reduced any possibility of a successful defense to the vanishing point. The fact that requisite degree of fear may not have been fully examined does not mean that the cross-examination was constitutionally deficient. Petitioner's defense was that the incident with Helmert did not occur. The failure to elicit testimony in regard to the explicit and implicit threat as to Helmert does not demonstrate that petitioner's counsel acted unreasonably. Petitioner's counsel's cross-examination of Ms. Helmert was well within the realm of competent trial advocacy.

Conflict of Interest

The Sixth Amendment's right to the effective assistance of competent counsel includes the right to conflict-free representation. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980). In his motion, petitioner maintains that his Sixth Amendment right to counsel was violated because his counsel had represented Bob Cecil, Jr. in a criminal matter prior to petitioner's trial. According to petitioner, Bob Cecil, Jr. was the son of one of petitioner's enemies, Bob Cecil, Sr., and "was sent to the [penitentiary] by the petitioner." *See*, petitioner's motion, p. 3. He also asserts that his counsel, representing John Jolley, had also filed a civil action, involving petitioner's actions, against Latimer County.[3]

---

[3] Petitioner has not submitted any pleadings in regard to the criminal trial involving Bob Cecil Jr. or the civil action involving John Jolley. The court, however, takes judicial notice of the

12

Petitioner did not raise the conflict of interest issue at trial. Thus, in order to prevail on his ineffective assistance of counsel claim due to the alleged conflict of interest, petitioner must establish that an actual conflict of interest adversely affected his counsel's performance. Cuyler, 446 U.S. at 347-348.

> An actual conflict of interest results if counsel was forced to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance. Indeed, to demonstrate an actual conflict of interest, the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party.

United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998) (citations and quotations omitted); *see also*, United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990) ("[D]efense counsel's performance was adversely affected by an actual conflict of interest if a specific and seemingly valid or genuine alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with his duties to others . . . .").

Petitioner has failed to show in his papers that his counsel made choices advancing the interests of Bob Cecil, Jr. or John Jolley to petitioner's detriment. Morever, petitioner has failed to show specific instances where counsel's performance

---

civil action, John Jolley v. Board of County Commissioners of the County of Latimer, a political subdivision, and Jim Waits, in his individual and official capacities, Case No. CIV-04-502-FHS. Rule 201, Fed. R. Evid.; St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records.") In the civil action, plaintiff, John Jolley, represented by Jeff Belote and Jeremy Beaver of the Gotcher & Beaver firm, brought suit against defendants, Board of County Commissioners of County of Latimer and Jim Waits, under 42 U.S.C. § 1983 and state law. A judgment dismissing action by reason of settlement was entered on June 24, 2005. A joint stipulation of dismissal with prejudice was filed July 8, 2005.

was adversely affected by his representation of petitioner and Bob Cecil, Jr. or John Jolley. While petitioner contends that counsel failed to seek a jury instruction on entrapment, the court, as previously discussed, concludes that the defense of entrapment was not available to petitioner. In any event, petitioner has not shown that counsel's decision to not request an entrapment instruction compromised or impaired petitioner's interests for the benefit of Bob Cecil, Jr. or John Jolley. Petitioner also claims that a conflict of interest existed because of "his relationship with Bob Cecil." This claim, however, is conclusory and conclusory allegations are not sufficient to establish an ineffective assistance of counsel claim. Hall, 935 F.2d at 1110.[4] The court therefore finds petitioner's ineffective assistance of counsel claim based upon a conflict of interest by petitioner's counsel to be without merit.

## Appellate Performance

Petitioner contends that his counsel was also ineffective on appeal and in seeking a writ of certiorari. When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, the court looks to the merits of the omitted issue. In conducting this review:

> [i]f the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003).

---

[4] Petitioner also claims that his counsel engaged in "collusion" and had a "conspiratorial plan" with the government. Again, the allegations are conclusory and cannot support petitioner's ineffective assistance of counsel claim. Hall, 935 F.2d at 1110.

Petitioner contends that his counsel was ineffective on appeal and on writ of certiorari in failing to challenge the conviction for misdemeanor deprivation of rights under color of law (Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fifteen). Petitioner, however, has not presented any facts which demonstrate that a challenge to the conviction would have been meritorious. He has suggested no grounds upon which the appeal should have been filed.[5] The court concludes that petitioner has failed to show that his counsel's performance was constitutionally deficient in failing to include the conviction for misdemeanor deprivation of rights under color of law in the appeal or in the petition for writ of certiorari.

Petitioner additionally asserts that his counsel failed to contest the lack of an entrapment instruction. The court has previously rejected petitioner's argument in regard to the lack of an entrapment jury instruction. Because the entrapment issue is plainly without merit, the court concludes that the performance of petitioner's counsel was not constitutionally deficient in failing to raise the lack of an entrapment jury instruction on appeal or on writ of certiorari.

Petitioner also contends that his counsel failed to properly contest the admissibility of the government's evidence prior to trial and failed to contest the perjured evidence presented by the government. Petitioner's contention, however, is conclusory and is insufficient to support his claim.

In his response to respondent's response, petitioner claims that his counsel was ineffective in failing to appeal the denial of the motion to suppress. Petitioner, however, has failed to specify upon what grounds the court's denial of the motion to suppress should have been appealed. The court concludes that petitioner has failed

---

[5] Even if the court were to consider the affidavits of petitioner filed after the formal briefing, the court concludes that the affidavits would not show that petitioner's counsel was constitutionally deficient in failing to appeal the misdemeanor convictions. They do not show any issue having merit in regard to the misdemeanor conviction.

to show that his counsel's performance was deficient in failing to appeal the court's denial of the motion to suppress or that he was prejudiced by the failure to appeal the court's ruling.

### Trial Transcripts

In his motion, petitioner also requests the production of the trial transcripts pursuant to 28 U.S.C. § 753(f). Petitioner maintains that the transcripts have been concealed by counsel. It appears from the affidavit of petitioner's counsel and the affidavit of counsel's secretary/assistant, attached to respondent's response, that the trial transcripts were provided to petitioner's wife in 2008. Petitioner admits as much in his affidavit attached to his response to respondent's response. Indeed, in the affidavit, petitioner states that "[a]ll trial transcripts were concealed from affiant until 2008 after efforts by affiant's wife to obtain them from Warren Gotcher." Ex. A to petitioner's response, ¶ 12. Therefore, because petitioner has been provided the trial transcripts by petitioner's counsel, the court concludes that petitioner is not in need of the transcripts. Petitioner's request for the trial transcripts is thus denied.

### Evidentiary Hearing

In his motion, petitioner also request an evidentiary hearing. The Tenth Circuit has held that a hearing on a claim of ineffective assistance of counsel in a § 2255 matter is not required where the district court finds that the record conclusively shows the petitioner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Having found that the record conclusively shows that petitioner is not entitled to § 2255 relief, the court finds that petitioner is not entitled to an evidentiary hearing. Accordingly, petitioner's request for an evidentiary hearing is denied.

### Conclusion

Based upon the foregoing, Petitioner's Motion to Strike Pursuant to Rule 12(F) (doc. no. 8), filed December 23, 2008, is **DENIED**. Petitioner's Motion to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. no. 1), filed October 24, 2008, is **DENIED**. Petitioner's requests for trial transcripts and an evidentiary hearing (doc. no. 1), filed October 24, 2008, are also **DENIED**.

DATED September 17, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0114p012.wpd